IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SPOTSVILLE, | § | |
| TDCJ-CID NO.01133950, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-09-3583 |
| | § | |
| JAMES MILLER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a
civil rights complaint pursuant to 42 U.S.C. § 1983 and a more
definite statement, alleging that defendants used excessive force
during a bodily search for illegal drugs. (Docket Entries No.1,
No.18). Plaintiff later filed a motion to dismiss James Miller
from the suit and to add Patrick Kelly as a defendant; he also
sought to amend the complaint by adding a new claim of illegal
search and seizure. (Docket Entry No.35). The Court granted
plaintiff's request to dismiss Miller and to add Kelly but denied
him leave to amend the complaint by adding new claims. (Docket
Entry No.37).

On February 24, 2011, plaintiff filed a motion for leave to
amend his complaint (Docket Entry No.41) and an amended complaint.
(Docket Entry No.42). Plaintiff sought relief from four
defendants, *i.e.*, Patrick Kelly, D. Hall, Dr. Christopher Freeman,
and Herman Memorial Hospital, on claims related to the conduct of
defendants after plaintiff was admitted to the hospital. (Id.).

Plaintiff enumerated these claims as follows: (1) illegal search and seizure; (2) excessive force; (3) medical malpractice; and (4) assault and battery. (Id.). Plaintiff also filed exhibits, wherein he complained of the force allegedly used by defendants Hall and Kelly before he was admitted to the hospital. (Docket Entry No.43). Such exhibits were part of the pleadings and therefore, sufficiently incorporated the pre-hospital admission claims against Kelly and Hall. See FED. R. CIV. P. 10(c). The Court granted plaintiff leave to amend and ordered that defendants be served with a copy of the First Amended Complaint and exhibits; the Court specifically noted that the First Amended Complaint superseded all others. (Docket Entry No.47).

In the pending Motion for Leave to File an Amended Complaint (Docket Entry No.49) and the Second Amended Complaint (Docket Entry No.49-1), plaintiff seeks to add medical provider Samuel J. Prater as a defendant.[1] (Id.). Plaintiff names four defendants in the Second Amended Complaint, i.e., Patrick Kelly, D. Hall, Dr. Christopher Freeman, and Dr. Samuel J. Prater. (Id.). As in his First Amended Complaint, plaintiff complains only of defendants' conduct after he was admitted to the hospital. He asserts the same issues that he raised in his First Amended Complaint. (Id.).

Federal Rule of Civil Procedure 15(a) requires that leave to

---

[1] Contrary to Defendant Freeman's assertion in his Motion for an Extension of Time to File a Motion for Summary Judgment, plaintiff does not request that the Court "supplant Defendant Freeman with a Dr. Samuel Prater." (Docket Entry No.51).

2

amend "shall be freely given where justice so requires." FED. R. CIV. P. 15(a). The Fifth Circuit has closely adhered to this rule. *See e.g.*, <u>Rolf v. City of San Antonio</u>, 77 F.3d 823, 828 (5th Cir. 1996) (noting that "[a] decision to grant leave is within the discretion of the court, although if the court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial); <u>Robertson v. Plano City of Texas</u>, 70 F.3d 21, 22 (5th Cir. 1995) (stating that "leave to amend complaint should be granted liberally"). Finding that defendants will not suffer prejudice nor surprise by this amended pleading, the Court GRANTS plaintiff's motion for leave to file an amended complaint. (Docket Entry No.49). Plaintiff's Second Amended Complaint (Docket Entry No.49-1) supersedes all others.

Plaintiff, however, does not incorporate in the Second Amended Complaint the pre-hospital admission claims against defendants Hall and Kelly that he raised in the exhibits filed with the First Amended Complaint. Therefore, Hall and Kelly request the Court to demand of plaintiff whether he has abandoned the pre-hospital admission claims that he asserted in the exhibits to the First Amended Complaint. (Docket Entry No.50).

Generally, "an amended complaint supercedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." <u>King v. Dogan</u>, 31 F.3d 344, 346

3

(5th Cir. 1994).   The Court, however, is mindful that pleadings prepared by prisoners who do not have access to counsel must be liberally construed.   Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court is also mindful that *pro se* litigants are not exempt from complying with the relevant procedural rules and substantive law. Hulsey v. State, 929 F.2d 168, 171 (5th Cir. 1991).   In the interest of judicial economy, the Court ORDERS plaintiff to file within twenty (20) days of entry of this Order, a supplement to his Second Amended Complaint, in which he clarifies his intent with respect to the pre-hospital admission claims he asserted in the exhibits to his First Amended Complaint.   Plaintiff is cautioned that his failure to comply as directed within this time limit may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.

Defendant Freeman's Motion for Extension of Time to File Motion for Summary Judgment (Docket Entry No.51) and Defendants Hall's and Kelly's request for an extension to file a dispositive motion (Docket Entry No.50) are GRANTED.   The Court will issue an amended scheduling order with respect to such issues in its Order directing the United States Marshal's Service to serve Dr. Prater with process.

SIGNED at Houston, Texas, on ___June 3___, 2011.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

4